IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANI KUMARI SABBITHI, JOAQUINA QUADROS, and GILA SIXTINA FERNANDES,<br><br>Plaintiffs,<br><br>v.<br><br>MAJOR WALEED KH N. S. AL SALEH, MAYSAA KH A. O. A. AL OMAR, and STATE OF KUWAIT,<br><br>Defendants. | Case No.: 07-CV-00115-EGS |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND TO QUASH SERVICE OF PROCESS**

Defendants Major Waleed KH N.S. Al-Saleh and Maysaa KH A.O.A. Al-Omar ("Defendants"), through their undersigned attorneys, file this Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Leave to File Sur-Reply in Further Opposition to Defendants' Motion to Dismiss and to Quash Service of Process ("Mot.") and respectfully request that the Court deny Plaintiffs' Motion.[1]  A proposed order is attached hereto.

Defendants file this opposition because they would be unduly prejudiced by the filing of a sur-reply.  Defendants have moved to dismiss and to quash service of process, Plaintiffs have responded, and Defendants have replied to that response.  While litigating parties routinely prefer the opportunity to respond to points made in the opposing parties' briefs, allowing such responses in every instance would lead to an endless briefing cycle.  The rules of this Court

---

[1] In filing this Memorandum, neither Major Al-Saleh nor Mrs. Al-Omar submits to the jurisdiction of this Court. They expressly reserve all privileges and immunities, as well as all objections to jurisdiction and service of process.

provide a moving party with the opportunity to rebut the opposition to its motion. LCvR 7(d). They do not provide for a sur-reply, and Plaintiffs have offered no justification for this unusual filing here. Accordingly, the Court should deny Plaintiffs' Motion. Should the Court grant Plaintiffs leave to file a sur-reply, however, Defendants respectfully request leave to file a response.

First, there was no agreement for a sur-reply. Plaintiffs seem to suggest that Defendants consented to a sur-reply as a condition of Plaintiffs' agreement to an extension of time in which to file Defendants' Reply. This is simply not the case. In early April, 2007, immediately following the filing of Defendants' Motion to Dismiss and to Quash Service of Process, counsel for Defendants, Thomas Wilner, and counsel for Plaintiffs, Stephen Watt, conferred and agreed upon a briefing schedule for Plaintiffs' Opposition to the Motion ("Opp.") and Defendants' Reply. This agreement included a 49-day extension for Plaintiffs' response. (*See* Consent Motion for Enlargement of Time to Respond to Defendants' Motion to Dismiss and to Quash Service of Process, filed Apr. 9, 2007, docket no. 17.) It was this extension for Plaintiffs that was the condition for an extension to Defendants' time to reply, not consent to a sur-reply. Because the Consent Motion filed by Plaintiffs following this conference did not include the agreed-on schedule for Defendants' Reply, counsel for Defendants was forced to re-contact counsel for Plaintiffs regarding the timing for Defendants' Reply. In the exchange that followed—two months after the agreement on the briefing schedule for both parties—counsel for Plaintiffs raised the issue of a sur-reply. However, counsel for Defendants did not consent to a sur-reply at any time.

Second, a sur-reply is inappropriate here because Defendants raise no new issues in their Reply. As Plaintiffs note, "'the standard for granting leave to file a surreply is whether the party

2

making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply.'" *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 113 (D.D.C. 2002) (Urbina, J.) (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)).  However, sur-replies are "most appropriate where the new matter introduced is factual." *United States ex rel. A. Scott Pogue v. Diabetes Treatment Centers of America, Inc., et al.*, 238 F. Supp. 2d 270, 277 (D.D.C. 2002); *see also Alexander v. Federal Bureau of Investigation,* 186 F.R.D. 71, 74 (D.D.C. 1998) (Lamberth, J.) (granting leave to file a sur-reply to respond to a new declaration). Defendants, here, present no new matters.  Defendants have moved to dismiss and quash service of process based on diplomatic immunity.  Plaintiffs have argued that diplomatic immunity should not apply here, and Defendants have simply rebutted those arguments.

In support of their claim that the Reply brief raised new matters Plaintiffs can only point to arguments that specifically rebut statements made by Plaintiffs in their Opposition.  Such arguments are the very nature of a reply warranting no special remedy.  Plaintiffs point to three supposed new matters:

- Plaintiffs claim Defendants have made "arguments based on cases which Plaintiffs will argue are not binding, distinguishable and/or wrongly decided." (Mot. at 2.)  However, every case cited by Defendants refutes Plaintiffs' specific claims, the routine practice for a reply.  That Plaintiffs failed to distinguish contrary authority in their Opposition brief, for which they were allotted 45 pages of space and two months of preparation, does not justify a sur-reply.  *See United States ex rel. A. Scott Pogue*, 238 F. Supp. 2d at 277 ("the Court doubts that the existence of statutory or case law can ever be 'new matter' so as to permit the filing of a surreply . . ."). To warrant a sur-reply, "[t]he matter must be truly new." *Id.*; *see also Lewis*, 154 F. Supp. 2d at 61 (D.D.C. 2001) ("Because this contention

3

      does not involve a new matter but rather an alleged mischaracterization, the court denies the plaintiff's motion"). Plaintiffs are merely requesting the opportunity to supplement their Opposition.

- Plaintiffs further claim that Defendants "raise new arguments concerning the negotiating history of the Vienna Convention on Diplomatic Relations . . . ." (Mot. at 2-3). But Defendants' arguments relating to the Vienna Convention's negotiating history simply rebut Plaintiffs' claims about those same negotiations. Indeed, in discussing the negotiating history of the Vienna Convention, Defendants cite to the same document relied on by Plaintiffs—the Statement of Interest of the United States in *Gonzalez Paredes v. Vila*. (*See* Opp. at 26-27; Reply at 17-18.)

- Additionally, Plaintiffs' claim that Defendants have made a new argument about slavery. (Mot. at 3.) However, Plaintiffs make many arguments in their Opposition about slavery under international law but fail to define slavery or show how Defendants' conduct fell within the international definition. (Opp. at 31-35.) Defendants' citation of the definition merely points out the weakness of Plaintiffs' argument that international law requires that Defendants' diplomatic immunity be cast aside. (Reply at 13.)

Thus, Plaintiffs cannot point to any new matters raised by Defendants, only arguments fulfilling the ordinary function of a reply brief.

      Finally, Plaintiffs have requested 42 days in which to file a sur-reply. This period is double the length of time that Defendants had available for their Reply and nearly as much time as Plaintiffs had to file their Opposition. This extraordinary amount of time would unduly prejudice Defendants as Plaintiffs have already had ample time and space to fully develop their arguments.

**Conclusion**

For all these reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion.

                                           Respectfully Submitted,

                                             /s/   Thomas B. Wilner
                                           Thomas B. Wilner (D.C. Bar # 173807)
                                           Perry Bechky (D.C. Bar # 442632)
                                           Amanda Shafer (D.C. Bar # 497860)
                                           Justin Harrison (D.C. Bar # 502069)
                                           801 Pennsylvania Avenue, N.W.
                                           Washington, D.C. 20004-2634
                                           Telephone:  (202) 508-8000
                                           Facsimile:  (202) 508-8001

Dated July 5, 2007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of July 2007, I have caused to be served, via U.S. Mail, a copy of the foregoing Memorandum of Points and Authorities in Opposition to Plaintiffs' Motion for Leave to File Sur-Reply in Further Opposition to Defendants' Motion to Dismiss and to Quash Service of Process and a copy of the proposed Order attached thereto, on the following:

David A. Kotler
Catherine J. Rosato
Reid K. Weisbord
DECHERT LLP
1775 I Street, N.W.
Washington, D.C. 20006

Claudia M. Flores
Lenora M. Lapidus
Jennifer L. Pasquarella
ACLU WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004

Steven M. Watt
ACLU FOUNDATION
125 Broad Street
17th Floor
New York, NY 10004

  /s/   Thomas B. Wilner_____
Thomas B. Wilner (D.C. Bar # 173807)
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2634
Telephone:  (202) 508-8000
Facsimile:  (202) 508-8001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANI KUMARI SABBITHI, JOAQUINA QUADROS, and GILA SIXTINA FERNANDES,<br><br>     Plaintiffs,<br><br>  v.<br><br>MAJOR WALEED KH N. S. AL SALEH, MAYSAA KH A. O. A. AL OMAR, and STATE OF KUWAIT,<br><br>     Defendants. | Case No.: 07-CV-00115-EGS |

**ORDER**

The Court, having considered the Motion for Leave to File Sur-Reply in Further Opposition to Defendants' Motion to Dismiss and to Quash Service of Process by Plaintiffs Mani Kumari Sabbithi, Joaquina Quadros, and Gila Sixtina Fernandes, and all other papers pertaining thereto, hereby ORDERS that the Motion is DENIED.


Dated: _____, 2007     _____

                     District Judge Emmet G. Sullivan