IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANI KUMARI SABBITHI, JOAQUINA QUADROS, and GILA SIXTINA FERNANDES,<br><br>                Plaintiffs,<br><br>      v.<br><br>MAJOR WALEED KH N. S. AL SALEH, MAYSAA KH A. O. A. AL OMAR, and STATE OF KUWAIT,<br><br>                Defendants. | Case No.: 07-CV-00115-EGS |

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO THE MOTION OF BREAK THE CHAIN CAMPAIGN, *ET AL.*, *AMICI CURIAE*, FOR LEAVE TO FILE A MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND TO QUASH SERVICE OF PROCESS**

Defendants Major Waleed KH N.S. Al-Saleh and Maysaa KH A.O.A. Al-Omar ("Defendants"), through their undersigned attorneys, file this Memorandum of Points and Authorities in Opposition to the Motion of Break the Chain Campaign, *et al.*, *Amici Curiae*, for Leave to File a Memorandum of Law in Support of Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss and Quash Service of Process ("Motion"), and respectfully request that the Court deny the Motion.[1] A proposed order is attached hereto.

Defendants oppose granting Movants leave to file because the timing of the Motion unduly prejudices Defendants and because the brief would not be useful to the Court due to the shared perspective of Movants and Plaintiffs' counsel. As such, the Court should exercise its

---

[1] In filing this Memorandum, neither Major Al-Saleh nor Mrs. Al-Omar submits to the jurisdiction of this Court. They expressly reserve all privileges and immunities, as well as all objections to jurisdiction and service of process.

discretion and deny leave to file. *See Ellsworth Assoc., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (Richey, J.) ("The decision whether to allow a non-party to participate as an amicus curiae is solely within the broad discretion of the Court. Generally, 'a court may grant leave to appear as an *amicus* if the information offered is 'timely and useful.'" (citations omitted)).

First, the Motion is not timely. Movants filed their Motion on June 29, 2007, a month after Plaintiffs' Opposition was due and a week after Defendants filed their Reply. It would be fundamentally unfair to permit Movants to file a brief to which Defendants would have no opportunity to respond.[2] Should the Court grant Defendants leave to file, then, Defendants respectfully request that they be granted leave to respond.

Second, Movants' brief would not be useful to the Court because their perspective is so similar to that of Plaintiffs' counsel. Movants are closely tied to Plaintiffs' counsel, possess similar knowledge and experience as Plaintiffs' counsel, and advance similar arguments. As Movants state in their brief, "[a]mici have brought civil suits similar to that of the Plaintiffs here . . . ." (Movant Brief at 1.) Further, Movants have worked closely with counsel for Plaintiffs in the past on the issues presented here. In a recent, very similar case in this district, *Gonzalez Paredes v. Vila*, 479 F. Supp. 2d 187 (D.D.C. 2007), three of the Movants filed a joint *amicus* brief with the American Civil Liberties Union—whose lawyers are among Plaintiffs' counsel— raising many of the same arguments that Plaintiffs raised in their Opposition here. Indeed, the

---

[2] The Federal Rules of Appellate Procedure and the Supreme Court Rules recognize this unfairness. Under Federal Rule of Appellate Procedure 29(e), "[a]n amicus brief must be filed no later than 7 days after the principal brief of the party being supported is filed." Fed. R. App. P. 29(e). As Rule 29(e) explains, an *amicus* brief must be filed within this time period so that "[t]he opposing party will have sufficient time to review arguments made by the amicus and address them in the party's responsive pleading." Fed. R. App. P. 29(e). Similarly, under the Supreme Court Rules, an *amicus* brief "shall be submitted within the time allowed for filing the brief for the party supported . . . ." Sup. Ct. R. 37.3. Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court address this issue.

*amicus* brief in *Gonzalez* is signed by three of the same ACLU attorneys who signed Plaintiffs' Opposition brief in this case, Claudia Flores, Lenora Lepidus, and Jennifer Pasquarella. (*See* Memorandum of Law of The American Civil Liberties Union, Break the Chain Campaign, CASA of Maryland, and Global Rights—Partners for Justice, *Amici Curiae*, In Support of Plaintiffs' Opposition to Defendants' Motion to Quash Service of Process and Dismiss Complaint, *Gonzalez Paredes v. Vila*, No. 06-CV-00089, filed Feb. 9, 2007, docket no. 25.) As Movants' interests are nearly identical to those of Plaintiffs' counsel, they bring neither a new perspective nor new information.

## Conclusion

For all these reasons, Defendants respectfully request that the Motion be denied.

Respectfully Submitted,

  /s/   Thomas B. Wilner_____
Thomas B. Wilner (D.C. Bar # 173807)
Perry Bechky (D.C. Bar # 442632)
Amanda Shafer (D.C. Bar # 497860)
Justin Harrison (D.C. Bar # 502069)
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2634
Telephone:  (202) 508-8000
Facsimile:  (202) 508-8001

*Attorneys for Defendants*
Major Waleed KH N. S. Al-Saleh and
Maysaa KH A.O.A. Al-Omar

Dated July 5, 2007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 5th day of July 2007, I have caused to be served, via U.S. Mail, a copy of the foregoing Memorandum of Points and Authorities in Opposition to the Motion of Break the Chain Campaign, *et al.*, *Amici Curiae*, for Leave to File a Memorandum of Law in Support of Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss and to Quash Service of Process and a copy of the proposed Order attached thereto, on the following:

Claudia Flores
Lenora M. Lapidus
Jennifer L. Pasquarella
ACLU WOMEN'S RIGHTS PROJECT
125 Broad Street
18th Floor
New York, NY 10004

David A. Kotler
Catherine J. Rosato
Reid K. Weisbord
DECHERT LLP
1775 I Street, N.W.
Washington, D.C. 20006

Steven M. Watt
ACLU FOUNDATION
125 Broad Street
17th Floor
New York, NY 10004

    /s/   Thomas B. Wilner_____
Thomas B. Wilner (D.C. Bar # 173807)
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2634
Telephone:  (202) 508-8000
Facsimile:  (202) 508-8001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANI KUMARI SABBITHI, JOAQUINA QUADROS, and GILA SIXTINA FERNANDES,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MAJOR WALEED KH N. S. AL SALEH, MAYSAA KH A. O. A. AL OMAR, and STATE OF KUWAIT,<br><br>　　　　　　Defendants. | Case No.: 07-CV-00115-EGS |

**ORDER**

The Court, having considered the Motion of Break the Chain Campaign, *et al.*, *Amici Curiae*, for Leave to File a Memorandum of Law in Support of Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss and to Quash Service of Process, and all other papers pertaining thereto, hereby ORDERS that the Motion is DENIED.


Dated: _____, 2007　　　　　　_____

　　　　　　　　　　　　　　　　　　　　　District Judge Emmet G. Sullivan