IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MANI KUMARI SABBITHI, JOAQUINA QUADROS, and GILA SIXTINA FERNANDES

Plaintiffs,

v.

MAJOR WALEED KH N. S. AL SALEH, MAYSAA KH A. O. A. AL OMAR, and STATE OF KUWAIT,

Defendants.

Case No.: 07-CV-00115-EGS

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR STAY OF CIVIL PROCEEDINGS AGAINST THE INDIVIDUAL DEFENDANTS DURING THE PENDENCY OF THE CRIMINAL ACTION**

The Individual Defendants seek, without motion, to bifurcate this civil action by staying claims brought under 18 U.S.C. § 1595 and proceeding with the remainder of Plaintiffs' claims. Plaintiffs oppose this approach and respectfully request that this Court stay the entire civil action against the Individual Defendants pending the outcome of the criminal action.

Section 1595 does not permit the Individual Defendants to parse the various civil claims pending against them in the manner they suggest. The plain language of 18 U.S.C. § 1595(b)(1) requires that *"any civil action"* be stayed for the pendency of the criminal action, not merely those claims brought under that section. The term "civil action" encompasses all claims brought in a civil proceeding. In re Surinam Airways Holding Co., 974 F.2d 1255, 1260 (11th Cir. 1992) ("a civil action is an entire civil case, encompassing claims filed by plaintiffs"); Nolan v. Boeing Co., 919 F.2d 1058, 1066 (5th Cir. 1990) ("In federal practice, the terms 'case' and

'action' refer to the same thing, i.e., the entirety of a civil proceeding, which necessarily includes any third-party claims."); see also Fed. R. Civ. P. 2 ("There shall be one form of action to be known as 'civil action.'"); Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

Accordingly, Section 1595 has been interpreted to require a stay of all claims brought in such a civil action. Ara v. Khan, 2007 U.S. Dist. LEXIS 43170, *3 (E.D.N.Y. 2007) (staying "all proceedings" where plaintiff brought claims under Section 1595, the Thirteenth Amendment to the United States Constitution and its enforcing statute, 18 U.S.C. § 1584, the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., New York Labor Law §§ 190 et seq. and 650 et seq. and New York state contract and tort law). Interpreting Section 1595 to cover the entire civil action, and not merely the specific causes of action alleging constitutional or statutory violations, is consistent with the general public policy in favor of judicial economy and against claim-splitting. Courts have long favored the adjudication of all claims arising out of a single "common nucleus of operative fact" through a single proceeding. United Mine Workers v. Gibbs, 383 U.S. 715, 724-25 (1966) ("the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged"); Montecatini Edison SPA v. Ziegler, 486 F.2d 1279, 1287 (D.C. Cir. 1973) ("Judicial economy is best served by resolving as many disputes as possible in a single proceeding."). A stay of Plaintiffs' entire civil action promotes judicial economy and avoids the dangers of inconsistent judgments.

While a stay is mandatory under Section 1595, the factors considered by courts in cases where a stay is discretionary lead to the same result. Courts generally consider the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mechanical, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995). Recognizing similar issues, another court offered the following justification for its entry of a stay:

> By proceeding first with the criminal prosecution, the Court makes efficient use of judicial time and resources by insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.

Javier H. v. Garcia-Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003).

Here, the balancing of these factors clearly militates in favor of staying the entire civil action. Plaintiffs' civil action involves issues that directly overlap with those presented in the criminal action. Plaintiffs do not object to the delay caused by the stay. The Individual Defendants will not be prejudiced.[1] It is against the interests of this Court to waste its judicial resources by overseeing two proceedings when the matter would otherwise be resolved through a

---

[1] Indeed, the Individual Defendants may benefit from the entry of a stay. See Trustees of the Plumbers & Pipefitters Nat'l Pension Fund, 886 F. Supp. at 1138 ("the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination [or] expose the defense's theory to the prosecution in advance of trial").

single disposition.  And lastly, the public has a profound interest in the unimpeded prosecution of individuals who engage in human trafficking and involuntary servitude.

Plaintiffs' interests in the criminal action are also relevant.  While in their civil action, Plaintiffs seek redress for the serious abuses they suffered at the hands of the Individual Defendants, they also seek to achieve justice through the investigation and criminal prosecution of the Individual Defendants for their misconduct.  Plaintiffs therefore do not wish to interfere with or in any way jeopardize the outcome of the criminal action.

## CONCLUSION

For the foregoing reasons, Plaintiffs request that their motion for a stay be granted.


Dated:  August 30, 2007

> Respectfully submitted,
>
> /s/ Carolyn M. Welshhans
> David A. Kotler*
> Carolyn M. Welshhans (D.C. Bar No. 489120)
> Catherine J. Rosato*
> Reid K. Weisbord*
> DECHERT LLP
> 1775 I Street, N.W.
> Washington, D.C.  20006
> (202) 261-3300
>
> Lenora M. Lapidus*
> Claudia M. Flores*
> Jennifer L. Pasquarella*
> AMERICAN CIVIL LIBERTIES UNION FOUNDATION
> WOMEN'S RIGHTS PROJECT
> 125 Broad Street, 18th Floor
> New York, NY  10004
> (212) 549-2644

4

Steven MacPherson Watt*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
HUMAN RIGHTS PROGRAM
125 Broad Street, 18th Floor
New York, NY  10004
(212) 519-7870

*Attorneys for plaintiffs*
*not admitted in this District

## CERTIFICATE OF SERVICE

I, Carolyn M. Welshhans, hereby certify that on August 30, 2007, I caused to be served via electronic filing a true and correct copy of the foregoing Reply Memorandum in Support of Plaintiffs' Motion for Stay of Civil Proceedings Against the Individual Defendants During the Pendency of the Criminal Action on the following:

>Thomas B. Wilner, Esquire
>Amanda E. Shafer, Esquire
>Justin Harrison, Esquire
>Shearman & Sterling LLP
>801 Pennsylvania Avenue, N.W.
>Suite 900
>Washington, D.C. 20004-2634

>/s/ Carolyn M. Welshhans
>Carolyn M. Welshhans
>D.C. Bar No. 489120
>1775 I Street, N.W.
>Washington, D.C. 20006
>Telephone: 202.261.3300