IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANI KUMARI SABBITHI, JOAQUINA QUADROS, and GILA SIXTINA FERNANDES<br><br>Plaintiffs,<br><br>v.<br><br>MAJOR WALEED KH N. S. AL SALEH, MAYSAA KH A. O. A. AL OMAR, and STATE OF KUWAIT,<br><br>Defendants. | Case No.: 07-CV-00115-EGS |

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS AND TO QUASH SERVICE OF PROCESS**

On April 9, 2007, Defendants Major Waleed KH N. S. Al Saleh and Maysaa KH A. O. Al Omar (the "Individual Defendants") moved to dismiss and to quash service of process based on diplomatic immunity ("Motion to Dismiss"). (Dkt. No. 16). Specifically, the Individual Defendants argued that "[u]nder United States law, '[a]ny action or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations . . . shall be dismissed." Motion to Dismiss, at 1 (quoting 22 U.S.C. § 254d). On May 30, 2007, Plaintiffs filed their Memorandum and Points of Authorities in Opposition to Defendants' Motion to Dismiss (Dkt. No. 17). On June 22, 2007, the Individual Defendants filed their Reply (Dkt. No. 19). The Individual Defendants based their Motion to Dismiss on their assertion that they were "an accredited diplomat and his wife" (Reply, at 2) and that "the law of this Circuit affords sweeping immunity to diplomats and their families" (Motion to Dismiss, at 2). In the time period since the filing of their Reply, the Individual Defendants' status has changed – they are no longer a

diplomat and his wife and are thus no longer entitled to the immunity afforded by the Vienna Convention on Diplomatic Relations. Accordingly, any purported arguments that the Individual Defendants are immune from this lawsuit are inapposite and their Motion to Dismiss is moot.

On October 31, 2007, Plaintiffs' counsel learned the "Department of State recently informed the Civil Rights Division [of the United States Department of Justice] that Kuwait had declined to waive [criminal] immunity [as to the Individual Defendants] and that [the Individual Defendants] voluntarily left the United States." See October 31, 2007 letter from Robert Moossy, Esquire to Claudia Flores (Ex. A). Further, a representative of the Civil Rights Division informed Plaintiffs' counsel telephonically that the Defendants returned to Kuwait at the end of September 2007.

Given the above change in factual circumstances, to the extent that the Individual Defendants were arguably entitled to immunity from civil jurisdiction related to the allegations in the Complaint, such diplomatic immunity no longer applies now that Defendant Al Saleh is no longer a Kuwaiti diplomat posted in the United States.[1] In fact, because the Individual Defendants have returned to Kuwait, they no longer enjoy diplomatic status in any jurisdiction.[2] The law is clear that any immunities conferred on the Individual Defendants by the Vienna Convention on Diplomatic Relations ceased when the Individual Defendants' diplomatic

---

[1] For the reasons set forth in Plaintiffs Memorandum and Points of Authorities in Opposition to Defendants' Motion to Dismiss, the Individual Defendants did not enjoy immunity from this suit even while Defendant Al Saleh was a Kuwaiti diplomat resident in the United States.

[2] The Vienna Convention would not shield the Individual Defendants from the jurisdiction of this Court even if they were now diplomats in another foreign state. The Vienna Convention only provides immunity from the jurisdiction of and service of process by the State in which the diplomat is currently posted. See Vienna Convention, Article 31(1) ("A diplomatic agent shall enjoy immunity from the criminal jurisdiction of the receiving State. He shall also enjoy immunity from its civil and administrative jurisdiction") (emphasis added).

functions in the United States came to an end and they returned to Kuwait. See Vienna Convention on Diplomatic Relations, Article 39 (2), 23 U.S.T. 3227, T.I.A.S. 7502 (1961) ("When the functions of a person enjoying privileges and immunities have come to an end, such privileges and immunities shall normally cease at the moment when he leaves the country"). American courts permit "the exercise of U.S. jurisdiction over persons whose status as members of the diplomatic mission has been terminated for acts they committed during the period in which they enjoyed privileges and immunities, except for acts performed in the exercise of the functions as a member of the mission." United States v. Guinand, 688 F. Supp. 774, 775 (D.D.C. 1988) (allowing criminal indictment of a diplomat for drug offenses committed during the period of diplomatic immunity); see also In re Noboa, 1995 U.S. Dist. LEXIS 14402, *9-10 (S.D.N.Y. 1995) (permitting service of a subpoena to testify in court where the diplomatic immunity of the witness had expired). Given the current absence of diplomatic immunity, the Individual Defendants are no longer immune from the civil jurisdiction of this Court. Accordingly, the Individual Defendants' Motion to Dismiss is moot.

The Individual Defendants also have moved this Court for dismissal based upon Plaintiffs' purported inability to serve them. While Plaintiffs do not concede that service of process in this case was improper, should the Court so find, the proper remedy is not to dismiss Plaintiffs' case, but rather to provide Plaintiffs with the opportunity to serve the Individual Defendants in Kuwait. As noted above, Plaintiffs understand that the Individual Defendants have returned to Kuwait and therefore no longer have diplomatic status in the United States. Accordingly, there is no legal impediment to serving the Individual Defendants in Kuwait pursuant to Rule 4(f) of the Federal Rules of Civil Procedure.

For the foregoing reasons and for the reasons set forth in their Memorandum and Points of Authorities in Opposition to Defendants' Motion to Dismiss, Plaintiffs respectfully request that this Court deny the Individual Defendants' Motion to Dismiss and to Quash Service of Process.

Respectfully submitted,

*/s/ Rebecca P. Dick*

David A. Kotler*
Rebecca P. Dick (D.C. Bar No. 463197)
Catherine J. Rosato*
Reid K. Weisbord*
DECHERT LLP
1775 I Street, N.W.
Washington, D.C. 20006
(202) 261-3300

Lenora M. Lapidus*
Claudia M. Flores*
Jennifer L. Pasquarella*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2644

Steven MacPherson Watt*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
HUMAN RIGHTS PROGRAM
125 Broad Street, 18th Floor
New York, NY 10004
(212) 519-7870

*Attorneys for plaintiffs*
*not admitted in this District

Dated: November 8, 2007

# EXHIBIT A

**U.S. Department of Justice**

Civil Rights Division

RM:JER:km
DJ 50-79-93

*Criminal Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*

October 31, 2007

Ms. Claudia Flores
Staff Attorney
Women's Rights Project
American Civil Liberties Union
125 Broad Street, 18th floor
New York, NY  10004

Dear Ms. Flores:

　　　This letter is in response to your recent inquiry regarding the criminal investigation of subjects Major Waleed KH N.S. Al Saleh, former Military Attache to the Embassy of Kuwait, and Maysaa KH A.O. Al Omar for alleged violations of Title 18, United States Code, section 1589 (forced labor). Based on the evidence developed during this investigation, the Civil Rights Division of the Department of Justice asked the Department of State to request a waiver by Kuwait of Al Omar's diplomatic immunity to prosecution. The Department of State recently informed the Civil Rights Division that Kuwait has declined to waive immunity and that Al Saleh and Al Omar voluntarily left the U.S. Moreover, according to the Department of State, Al Saleh and Al Omar are now ineligible for entry into the United States. Accordingly, and for the purposes described in 18 U.S.C. § 1595, this investigation is now closed.

　　　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　　　Robert Moossy by Evan Price

　　　　　　　　　　　　　　　　　　Robert Moossy
　　　　　　　　　　　　　　　　　　Director
　　　　　　　　　　　　　Human Trafficking Prosecution Unit
　　　　　　　　　　　　　　　　Criminal Section
　　　　　　　　　　　　　　　Civil Rights Division

## CERTIFICATE OF SERVICE

I, Rebecca P. Dick, hereby certify that on November 8, 2007, I caused to be served via first class mail a true and correct copy of the foregoing Sur-Reply in Further Opposition to Defendants' Motion to Dismiss and to Quash Service of Process on the following:

Thomas B. Wilner, Esquire
Amanda E. Shafer, Esquire
Justin Harrison, Esquire
Shearman & Sterling LLP
801 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004-2634

Rebecca P. Dick
D.C. Bar No. 463197
1775 I Street, N.W.
Washington, D.C. 20006
Telephone:    202.261.3300