

United States District Court
for the District of Columbia
Washington, D.C. 20001

**Chambers of
Emmet G. Sullivan
United States District Judge**

(202) 354-3260

March 20, 2008

The Honorable John B. Bellinger, III
Legal Advisor
United States Department of State
2201 C Street, N.W.
Washington, D.C. 20520

        Re:    Mani Kumari Sabbithi, *et al.* v. Major Waleed KH N.S. Al Saleh, *et al.*
              Civil Action No. 07-0115 (EGS)
              United States District Court for the District of Columbia

Dear Mr. Bellinger:

      There is a lawsuit pending in the United States District Court for the District of Columbia against a Kuwaiti diplomat and his spouse filed by their former domestic servants. The defendants in this case have submitted documentation from the United States Department of State certifying that defendant Waleed KH N.S. Al Saleh is a diplomatic agent at the Embassy of Kuwait and that defendant Maysaa KH A.O.A. Al Omar is his wife. The defendants have filed a motion to quash service of process and to dismiss the complaint against them.

      The Court is aware that the Department of State filed Statements of Interest in cases raising similar claims. *See Tabion v. Mufti*, 73 F.3d 535 (4th Cir. 1996); *Gonzales Paredas v. Vila*, 479 F. Supp. 2d 187 (D.D.C. 2007). In this case, however, plaintiffs present different legal challenges to the defendants' assertion of diplomatic immunity. In both *Tabion* and *Gonzales Paredas*, the plaintiffs argued that their employment contract with defendants to provide domestic services constituted "commercial activity" within the meaning of Article 31(1)(c) of the Vienna Convention on Diplomatic Relations of April 18, 1961. Here, however, plaintiffs argue that the defendants engaged in human trafficking by bringing plaintiffs from Kuwait to work as domestic employees in the United States, forcing plaintiffs to work under the threat of physical harm, and failing to pay plaintiffs their agreed upon wages. *See* Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss and to Quash Service of Process. Plaintiffs argue that this alleged human trafficking falls within the "commercial activities " exception to the Vienna Convention on Diplomat Relations of April 18, 1961. *Id.* *Amici Curiae* filed a brief in support of plaintiffs' arguments.[1] Plaintiffs also argue that

---

      [1] *Amici Curiae* was comprised of Break the Chain Campaign, Casa of Maryland, Inc., Asian American Legal Defense and Education Fund, Global Rights, and Boat People SOS, Inc.

defendants' conduct violated the Thirteenth Amendment of the United States Constitution, as well as *jus cogen* norms against slavery.

Having reviewed the complaint, the defendants' motion to dismiss, the responses and replies thereto, plaintiffs' sur-reply and response thereto, the *amici curiae* brief and response thereto (enclosed), as well as the applicable law, there are important questions of treaty construction with respect to the Vienna Convention on Diplomatic Relations before the Court. Accordingly, the Court invites the Department of State to communicate its views and/or positions about this case.

The Court would greatly appreciate the Department of State's consideration and a communication from the Department of State setting forth its views and/or positions regarding these issues. The Court leaves to your discretion whether your response is best submitted in the form of a letter or a Statement of Interest filed pursuant to 28 U.S.C. § 517. A copy of any such response should be sent to plaintiffs' and defendants' counsel as well. If the Department of State would like to express its views and/or positions on these matters, the Court would appreciate a response by May 14, 2008.

Thank you in advance for your consideration and your cooperation.

Very truly yours,

Emmet G. Sullivan

Enclosures

cc:  Rebecca Powers Dick, Esq., w/o encl.
     Thomas B. Wilner, Esq., w/o encl.
     Katherine A. Gillespie, Esq., w/o encl.