IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANI KUMARI SABBITHI, JOAQUINA QUADROS, and GILA SIXTINA FERNANDES,<br><br>          Plaintiffs,<br><br>          v.<br><br>MAJOR WALEED KH N. S. AL SALEH, MAYSAA KH A. O. A. AL OMAR, and STATE OF KUWAIT,<br><br>          Defendants. | Case No.: 07-CV-00115-EGS |

### RENEWED MOTION TO DISMISS AND TO QUASH SERVICE OF PROCESS

Defendants Waleed KH N. S. Al-Saleh and Maysaa KH A. O. A. Al-Omar ("Defendants"), through undersigned counsel, respectfully renew their Motion to Dismiss and to Quash Service of Process, again moving the Court to dismiss the Complaint under 22 U.S.C. § 254d and Rule 12(b) of the Federal Rules of Civil Procedure and to quash service of process.

### INTRODUCTION

Plaintiffs filed their Complaint on January 18, 2007. Plaintiffs are former domestic servants of Defendants, an accredited diplomat and his spouse, who claim that they were mistreated while in Defendants' employ.[1] Defendants moved to Dismiss and Quash Service of Process on grounds of diplomatic immunity on March 30, 2007.[2] That motion was fully briefed. In addition to an Opposition and Reply,[3] the Court permitted the filing of a Surreply[4] and

---

[1] *See* Compl., docket entry no. 3 (Jan. 18, 2007).

[2] Mot. to Dismiss and to Quash Service of Process, docket entry no. 16 (Mar. 30, 2007) (hereinafter "Mot. to Dismiss").

[3] *See* Pls.' Mem. of P. & A. in Opp'n to Defs. Major Waleed KH N. S. Al Saleh and Maysaa KH A. O. A. Al Omar's Mot. to Dismiss and Quash Service, docket entry no. 18 (May 30, 2007) (hereinafter "Opp'n"); Reply in

Response,[5] as well as an *amici curiae* brief in opposition to the Motion to Dismiss[6] and a Response thereto.[7] On November 19, 2007, the Court entered an Order stating that it "will not allow the filing of any additional pleadings addressing the subject of dismissal."[8] On December 4, the parties filed a Joint Status Report informing the Court that, following oral argument, the Motion would be "ripe for decision."[9]

On March 20th of this year, the Court invited the government to "communicate its views and/or positions about this case" and, in particular, about Plaintiffs' claims that Defendants' alleged activities fall within the "commercial activity" exception to the Vienna Convention on Diplomatic Relations and that Defendants violated the Thirteenth Amendment and a *jus cogens* norm.[10] "In light of" this request for the government's views, the Court denied Defendants' Motion to Dismiss "without prejudice to refile at a later date, at which time the Court will afford the parties an opportunity to address the response of the United States."[11]

On July 22, 2008, the United States filed a Statement of Interest in this case, providing the Court with its views on the key issues raised in regards to the Motion to Dismiss and to

---

Support of Defs.' Mot. to Dismiss and to Quash Service of Process, docket entry no. 20 (June 22, 2007) (hereinafter "Reply").

[4] Surreply to Mot. to Dismiss, Mot. to Quash, docket entry no. 34 (Nov. 8, 2007) (hereinafter "Pls.' Surreply").

[5] Defs.' Resp. to Pls.' Surreply, docket entry no. 38 (Dec. 5, 2007) (hereinafter "Resp. to Surreply").

[6] Mem. as *Amici Curiae* by Break the Chain Campaign et al., docket entry no. 22 (June 29, 2007).

[7] Defs.' Mem. of P. & A. in Resp. to the Mem. of Law of Break the Chain Campaign et al., docket entry no. 26 (Aug. 3, 2007).

[8] Minute Order, docket entry no. 44 (Nov. 19, 2007).

[9] Joint Status Report, docket entry no. 37 (Dec. 4, 2007).

[10] *See* Letter to The Honorable John B. Bellinger, III, United States Department of State (March 20, 2008), attached to Minute Order, docket entry no. 44 (Mar. 20, 2008).

[11] Minute Order, docket entry no. 44 (Mar. 20, 2008).

2

Quash Service of Process.[12]  The United States agreed with Defendants in all respects, opining that Defendants' alleged activities did not qualify as "commercial activity" within the meaning of the Vienna Convention, and that Plaintiffs could not overcome Defendants' diplomatic immunity by alleging that they had violated the Thirteenth Amendment or a *jus cogens* norm.

**ARGUMENT**

**I.  Defendants Are Immune from this Suit and Service of Process.**

As Defendants argued in their original Motion to Dismiss, Reply, Response to Plaintiffs' Surreply, and Response to the *Amici Curiae* Memorandum,[13] because Defendants are a diplomat and his wife, whom the State Department previously confirmed had diplomatic status throughout the period in question,[14] they are immune from this suit.  Article 31.1 of the Vienna Convention on Diplomatic Relations[15] states that a diplomat "shall enjoy . . . immunity from [the receiving State's] civil and adminstrative jurisdiction."  Furthermore, the Vienna Convention also provides that family members residing in the same household as a diplomat "enjoy the privileges and immunities specified in articles 29-36."[16]  The Vienna Convention was implemented in U.S. law through the Diplomatic Relations Act, 22 U.S.C. § 254 *et seq*., which provides that "any action

---

[12] Statement of Interest of the United States of America, docket entry no. 48 (July 22, 2008) (hereinafter "Statement of Interest").

[13] Defendants hereby reaffirm all arguments submitted in those previous filings, *supra* notes 2, 3, 5 & 7 respectively, and incorporate them into this Renewed Motion to Dismiss and Quash by reference.

[14] *See* State Department Certification, Mot. to Dismiss and Quash Service of Process, *supra* note 2, Ex. 2; Statement of Interest, *supra* note 12 at 3 "The Department of State has certified that Major Al Saleh was notified as a diplomatic agent at the Embassy of Kuwait on August 20, 2004, and continued to serve in that capacity throughout the period in which the alleged conduct took place . . . The Department of State's certification of Defendants' diplomatic status is conclusive."

[15] Vienna Convention on Diplomatic Relations and Optional Protocol on Disputes art. 31.1, Apr. 18, 1961, 23 U.S.T. 3227, T.I.A.S. 7502.

[16] *Id.* at art. 37.1.

or proceeding brought against an individual who is entitled to immunity with respect to such action or proceeding under the Vienna Convention on Diplomatic Relations . . . shall be dismissed." 22 U.S.C. § 254d.  Thus, U.S. law requires that this suit be dismissed.[17]

As Defendants also previously argued, they are immune from service of process.[18]  This Court has previously held that a defendant entitled to diplomatic immunity "is likewise shielded from service of process." *Aidi v. Yaron*, 672 F. Supp. 516, 518 (D.D.C. 1987).[19]  Accordingly, Defendants' motion to quash should be granted.[20]

## II.  The United States has Confirmed That Defendants Are Immune From Suit and Service of Process, Explicitly Rejecting Plaintiffs' Arguments to the Contrary.

The United States has now weighed in on every major issue raised by Plaintiffs[21] in their attempt to defeat Defendants' immunity, and has agreed with Defendants on each point. Critically, the United States concluded that:

> [A] diplomat's employment of a domestic worker is not a 'commercial activity' under Article 31(1)(c) of the Vienna Convention but, rather, an activity incidental to the diplomatic assignment, to which immunity attaches notwithstanding the characterization of Defendants' alleged conduct as constituting human trafficking. Moreover, under United States law, diplomatic immunity precludes jurisdiction over constitutional claims, including those that may arise under the Thirteenth

---

[17] While there are four narrow exceptions to this broad grant of immunity, including the "commercial activity" exception, none of those exceptions apply here.  *See* Reply, *supra* note 3 at 14-21 (explaining why the "commercial activity" exception does not apply here).  Furthermore, Defendants' immunity is unaffected by the fact that they have subsequently left the United States and returned to Kuwait.  *See* Resp. to Surreply, *supra* note 5 at 2-6.

[18] *See* Mot. to Dismiss, *supra* note 2 at 6.

[19] The *Aidi* court further explained that it "is axiomatic that if jurisdiction is not available, then service of process is void, making a motion to quash service of process a valid remedy."  672 F. Supp. at 517.

[20] Defendants' Motion to Quash is also unaffected by their subsequent departure from the United States, as Plaintiffs purported to serve Defendants in January, 2007, when it is undisputed that they were in the United States as a diplomat and his wife and enjoyed diplomatic status, thereby rendering service void.  *See* Resp. to Surreply, *supra* note 5, at 6-7.

[21] *See* Opp'n, supra note 3 at 7-17 (arguing that diplomatic immunity cannot bar a Thirteenth Amendment claim), 18-31 (arguing that the alleged activities fall within the commercial activities exception to immunity), 31-35 (arguing that diplomatic immunity cannot bar claims based on a *jus cogens* violation), & 36-38 (arguing that immunity cannot bar claims brought under the Torture Victims Protection Act).

4

      Amendment, as well as over alleged violations of <u>jus</u> <u>cogens</u> norms and the
      TVPA.

(Statement of Interest at 2.)

      Explaining why the commercial activity exception to the Vienna Convention does not apply here, the United States noted that the commercial exception "focuses on the pursuit of trade or business activity that is unrelated to the diplomatic assignment; it does not encompass contractual relationships for goods and services that are incidental to the daily life of the diplomat and his family in the receiving State." (Statement of Interest at 6.) It characterized this interpretation of the Vienna Convention as "longstanding" and "entitled to great weight." (*Id*. at 7 (citing *Sumitomo Shoji America, Inc. v. Avagliano,* 457 U.S. 176, 184-85 (1982)).) The United States also noted that the only other cases to address this argument – *Tabion v. Mufti*, 877 F. Supp. 285 (E.D.Va. 1995), *aff'd* 73 F.2d 535 (4th Cir. 1996), and *Gonzalez Paredes v. Vila*, 479 F. Supp. 2d 187 (D.D.C. 2007) – both held that the commercial activity exception did not apply in the context of claims brought by domestic servants, and opined that those cases were rightly decided. (*Id*. at 14-16.)[22]

      Explaining its rejection of Plaintiffs' argument that immunity must give way in the face of a Thirteenth Amendment claim, the United States opined that "respecting Defendants' diplomatic immunities does not raise a constitutional concern." (Statement of Interest at 18.) Similarly, the United States stated that there is no conflict between the Vienna Convention and a *jus cogens* norm, and therefore no "jus cogens exception" to immunity, nor is there any conflict between the Vienna Convention and the Torture Victims Protection Act that requires diplomatic immunity to give way here. *See* Statement of Interest at 20-24.

---

[22] The United States further opined that Plaintiffs' characterization of the allegations as "human trafficking" does not change the outcome here. *See* Statement of Interest, *supra* note 12, at 17-18.

5

Finally, the United States flatly rejected Plaintiffs' argument that Defendants' immunity from process and suit is somehow impacted by their return to Kuwait in October, 2007:

> That Defendants are no longer in the United States has no bearing on the central issue now before the Court – namely, whether Defendants were immune from service of process when it was attempted in January 2007. If they were, the attempted service was a nullity, and the Court lacks personal jurisdiction over them.

(Statement of Interest at 3, n.3.) Thus, the United States is in agreement with Defendants that their immunity remains intact and this suit must be dismissed and service of process quashed.

## CONCLUSION

Because Defendants' diplomatic immunity shields them from this suit and renders service of process unavailable, Defendants respectfully request that the Court dismiss the Complaint with prejudice and quash service of process.

Respectfully submitted this 31st day of July, 2008.

                SHEARMAN & STERLING LLP

BY:   /s/ Thomas B. Wilner
       Thomas B. Wilner (D.C. Bar # 173807)
       Amanda Shafer Berman (D.C. Bar # 497860)
       Justin Harrison (D.C. Bar # 502069)
       801 Pennsylvania Avenue, N.W.
       Suite 900
       Washington, D.C. 20004-2634
       Telephone: (202) 508-8000
       Facsimile: (202) 508-8001

       Attorneys for Defendants
       Waleed KH N. S. Al-Saleh and
       Maysaa KH A. O. Al-Omar

**Certificate of Service**

I HEREBY CERTIFY that on this 31st day of July, 2008, I have caused to be served, via U.S. Mail, a copy of the forgoing Renewed Motion to Dismiss and Quash Service of Process and Proposed Order attached thereto, on the following:

Claudia Flores
ACLU WOMEN'S RIGHTS PROJECT
125 Broad Street
18th Floor
New York, NY 10004

Rebecca Powers Dick
DECHERT LLP
1775 Eye Street, NW
Washington, DC 20006

David A. Kotler
DECHERT LLP
P.O. Box 5218
Princeton Pike Corporate Center
Princeton, NJ 08543

Lenora M. Lapidus
ACLU WOMEN'S RIGHTS PROJECT
125 Broad Street
18th Floor
New York, NY 10004

Steven M. Watt
ACLU FOUNDATION
125 Broad Street
17th Floor
New York, NY 10004

Reid K. Weisbord
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104

  /s/ Thomas B. Wilner_____
Thomas B. Wilner (D.C. Bar # 173807)
801 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004-2634
Telephone:  (202) 508-8000
Facsimile:  (202) 508-8001

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANI KUMARI SABBITHI, JOAQUINA QUADROS, and GILA SIXTINA FERNANDES,<br><br>Plaintiffs,<br><br>v.<br><br>MAJOR WALEED KH N. S. AL SALEH, MAYSAA KH A. O. A. AL OMAR, and STATE OF KUWAIT,<br><br>Defendants. | Case No.: 07-CV-00115-EGS |

## **ORDER**

The Court, having considered the Renewed Motion to Dismiss and to Quash Service of Process by Defendants Major Waleed KH N. S. Al-Saleh and Maysaa KH A. O. A. Al-Omar ("Defendants") and all other papers pertaining thereto, hereby orders that the case is dismissed with prejudice and that service, purported to have been affected on January 24, 2007, is quashed.

Dated: _____, 2008        _____

District Judge Emmet G. Sullivan

## NAMES OF PERSONS TO BE SERVED

*Attorneys for Defendants*

Thomas B. Wilner
SHEARMAN & STERLING LLP
801 Pennsylvania Avenue, N.W., Suite 900
Washington, D.C. 20004-2634

*Attorneys for Plaintiffs*

Rebecca Powers Dick
DECHERT LLP
1775 Eye Street, N.W.
Washington, D.C. 20006

Claudia Flores
ACLU WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004

David A. Kotler
DECHERT LLP
P.O. Box 5218
Princeton Pike Corporate Center
Princeton, NJ 08543

Lenora M. Lapidus
ACLU WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY 10004

Steven M. Watt
ACLU FOUNDATION
125 Broad Street, 17th Floor
New York, NY 10004

Reid K. Weisbord
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104