IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANI KUMARI SABBITHI, JOAQUINA QUADROS, and GILA SIXTINA FERNANDES,<br><br>Plaintiffs,<br><br>v.<br><br>MAJOR WALEED KH N. S. AL SALEH, MAYSAA KH A. O. A. AL OMAR, and STATE OF KUWAIT,<br><br>Defendants. | Case No.: 07-CV-00115-EGS |

**REPLY IN SUPPORT OF DEFENDANTS' RENEWED MOTION TO DISMISS AND TO QUASH SERVICE OF PROCESS**

Waleed KH N. S. Al-Saleh and Maysaa KH A. O. A. Al-Omar ("Defendants") respectfully submit their *Reply in Support of Defendants' Renewed Motion to Dismiss and to Quash Service of Process*. For the reasons below, in the Renewed Motion, and in all of Defendants' prior briefs addressing their entitlement to diplomatic immunity, Defendants request that this Court grant their Renewed Motion, quashing service of process and dismissing this case.

## Introduction

Defendants submit this Reply to correct a misstatement in *Plaintiffs' Response to the Statement of Interest of the United States of America and Opposition to Defendants' Renewed Motion to Dismiss and to Quash Service of Process* ("Opposition"): that the Government, in its Statement of Interest, failed to address the key question the Court posed to it. As explained below, that assertion is simply wrong. Otherwise, Defendants rely on their Renewed Motion and previous filings,[1] which fully address and rebut all arguments raised by the Plaintiffs.

---

[1] Specifically, Defendants again point the Court to their Reply in Support of Defendants' Mot. to Dismiss and to Quash Service of Process, docket entry no. 20 (June 22, 2007), their Response to Plaintiffs' Surreply, docket entry

1

**Argument**

Plaintiffs claim in their Opposition that the United States "fails to address the question presented to it" by this Court: "whether human trafficking falls within the 'commercial activity' exception to immunity granted diplomats under the Vienna Convention." (Opp. at 4.) That claim is wrong. Plaintiffs mischaracterize both the Court's invitation to the United States to communicate its views about the case and the United States' response to that request, which fully and squarely addressed the question posed to it by this Court.

In its letter request to the United States, the Court noted that "plaintiffs argue that the defendants engaged in human trafficking by bringing plaintiffs from Kuwait to work as domestic employees in the United States" and "that this alleged human trafficking falls within the 'commercial activities' exception to the Vienna Convention on Diplomatic Relations of April 18, 1961." Letter to John B. Bellinger, III, United States Department of State, dated March 20, 2008 (attached to Minute Order, docket entry no. 44). The court then stated that it would "greatly appreciate" the United States' consideration of "these issues."[2] *Id*. Thus, the Court did not simply ask the United States to address "whether human trafficking falls under the commercial activity exception," but whether, by arguing that Defendants' conduct constituted human trafficking, Plaintiffs could bring that conduct within the commercial activities exception.

The United States squarely answered the question posed to it. To begin, the United States explained that the employment of domestic workers – the core activity undisputedly at issue here – simply is not the type of activity that falls within the commercial activities exception to the immunity granted to diplomats and their households by the Vienna Convention.

---

no. 38 (Dec. 5, 2007), and their Memorandum of Points & Authorities in Response to the Memorandum of Law of Break the Chain Campaign *et al*., docket entry no. 26 (Aug. 3, 2007).

[2] The other issues this Court asked the United States to address were Plaintiffs' Thirteenth Amendment and *jus cogens* claims, which they claimed trumped or prevented the application of diplomatic immunity.

(Statement of Interest at 5-14). The United States then reiterated that, accordingly, *Tabion v. Mufti*, 877 F. Supp. 285 (E.D. Va. 1995), *aff'd* 73 F.3d 535 (4th Cir. 1996), and *Gonzalez Paredes v. Vila*, 479 F. Supp. 2d 187 (D.D.C. 2007), both of which concerned allegations of abuse and underpayment of domestic servants in contravention of previous promises of good wages and reasonable hours, were rightly dismissed on the grounds of diplomatic immunity.

Finally, the United States turned directly to Plaintiffs' attempt to bypass this precedent by characterizing the same allegations as "human trafficking," informing the Court that "the characterization of Defendants' alleged conduct as constituting human trafficking does not change the analysis." (Statement of Interest at 17). The United States further explained:

> *[T]he proper inquiry is not whether Defendants have engaged in human trafficking, or the extent to which human trafficking affects the global economy, but whether Defendants have engaged in "commercial activity" as that term is intended in the Vienna Convention.*

*Id*. This statement makes clear that, to analyze whether the commercial activities exception applies in this case, the Court should look not to whether Plaintiffs have somehow cast their allegations as commercial in nature, but to how the particular facts alleged stack up against the long-standing understanding of what activities the drafters of the Vienna Convention sought to except from the otherwise broad grant of immunity. If the alleged facts suggest the "pursuit of trade or business activity," the commercial activities exception may apply. *See id*. at 15. If they instead concern the provision of living services to a diplomat and his household or other transactions incidental to daily life, then the exception does not apply, regardless of whether the diplomat might be said to profit from the alleged underpayment for such services. *See id.* at 15-16. The United States is clear that the labels placed on the facts simply don't matter:

> *Legal characterizations aside, the core factual allegations here – namely, that Plaintiffs were mistreated during their tenure as domestic servants to a diplomat and his wife – are remarkably similar to those held not to constitute "commercial activity" in* <u>Tabion</u> *and*

3

> *Gonzalez Paredes*. . . . *The meaning of "commercial activity" . . . should be unaffected by the application of a different label to substantially similar facts.*

(Statement of Interest at 17-18.) Thus, the United States has fully answered the Court's question, opining that Plaintiffs' argument that the Defendants' behavior constitutes "human trafficking" does not serve to bring Plaintiffs' claims within the commercial activity exception to diplomatic immunity because the core facts alleged – mistreatment and underpayment of domestic workers – do not fall within that exception as it has been interpreted by the United States Government and applied by U.S. courts.

Defendants rely on their previous filings in regards to all other arguments advanced by Plaintiffs in their Opposition. Those arguments – and particularly Plaintiffs' arguments that constitutional and *jus cogens* claims trump diplomatic immunity – have now been fully addressed and rebutted multiple times,[3] including by the United States,[4] and are ripe for decision. Defendants therefore respectfully request that this Court grant their Renewed Motion to Dismiss and to Quash Service of Process and dismiss this case.

Respectfully Submitted,

/s/ Thomas B. Wilner
Thomas B. Wilner (D.C. Bar # 173807)
Amanda Shafer Berman (D.C. Bar # 497860)
Justin Harrison (D.C. Bar # 502069)
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2634
Telephone: (202) 508-8000
Facsimile: (202) 508-8001

Dated: September 5, 2008

---

[3] *See* Renewed Motion to Dismiss and to Quash at 5; Reply in Support of Defs.' Mot. to Dismiss and to Quash Service of Process, docket entry no. 20 (June 22, 2007) at 5-13; Defs.' Mem. of P. & A. in Resp. to the Mem. of Law of Break the Chain Campaign et al., docket entry no. 26 (Aug. 3, 2007) at 5-6.

[4] *See* Statement of Interest at 18-22.

## Certificate of Service

I HEREBY CERTIFY that on this 5th day of September, 2008, I have caused to be served, via U.S. Mail, a copy of the forgoing Reply to Plaintiff's Opposition to Defendants' Renewed Motion to Dismiss and Quash Service of Process on the following:

Claudia Flores
ACLU WOMEN'S RIGHTS PROJECT
125 Broad Street
18th Floor
New York, NY 10004

Rebecca Powers Dick
DECHERT LLP
1775 Eye Street, NW
Washington, DC 20006

David A. Kotler
DECHERT LLP
P.O. Box 5218
Princeton Pike Corporate Center
Princeton, NJ 08543

Lenora M. Lapidus
ACLU WOMEN'S RIGHTS PROJECT
125 Broad Street
18th Floor
New York, NY 10004

Steven M. Watt
ACLU FOUNDATION
125 Broad Street
17th Floor
New York, NY 10004

Reid K. Weisbord
DECHERT LLP
2929 Arch Street
Philadelphia, PA 19104

  /s/ Thomas B. Wilner_____
Thomas B. Wilner (D.C. Bar # 173807)
801 Pennsylvania Avenue, N.W.
Suite 900
Washington, D.C. 20004-2634
Telephone: (202) 508-8000
Facsimile: (202) 508-8001