IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MANI KUMARI SABBITHI, JOAQUINA QUADROS, and GILA SIXTINA FERNANDES<br><br>Plaintiffs,<br><br>v.<br><br>MAJOR WALEED KH N. S. AL SALEH, MAYSAA KH A. O. A. AL OMAR, and STATE OF KUWAIT,<br><br>Defendants. | Case No.: 07-CV-00115-EGS |

### PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT KUWAIT'S MOTION TO DISMISS

In accordance with the Court's order of April 13, 2009, plaintiffs Mani Kumari Sabbithi, Joaquina Quadros, and Gila Sixtina Fernandes ("Plaintiffs") through undersigned counsel, respectfully submit this Sur-Reply in Further Opposition to Defendant State of Kuwait's ("Kuwait", "Defendant") Motion to Dismiss.

On April 3, 2009 Kuwait filed a Reply to Plaintiffs' Opposition to State of Kuwait's Motion to Dismiss ("Reply"). Kuwait argues — as it did in its initial brief in support of its motion to dismiss — that neither the commercial activity exception nor the non-commercial tort exceptions to foreign sovereign immunity under the Foreign Sovereign Immunities Act ("FSIA") apply because Individual Defendants' hiring of Plaintiffs was not a commercial activity directed by Kuwait and because Individual Defendants' tortious conduct fell *outside* the scope of

Individual Defendants' office or employment by Kuwait.[1] In its Reply, Kuwait relied upon the Southern District of New York's recent decision in *Swarna v. Al-Awadi*, -- F.Supp.2d --, 2009 WL 773446 (S.D.N.Y. Mar. 20, 2009).[2] Plaintiffs submit this Sur-Reply, in order to address Kuwait's improper reliance on that decision.

Defendant's reliance on the *Swarna* decision is misplaced for two primary reasons. First, the court in *Swarna* explicitly held that the defendant diplomat and his wife were *not* acting within their official functions. *Swarna*, 2009 WL 773446, at *9. Here, however, the Court has already concluded that Individual Defendants' "conduct in employing plaintiffs was not performed outside the exercise of defendants' diplomatic functions." *See* Dkt. # 76, March 20, 2009 Mem. & Op. at 15. ("Mem. & Op.").[3] Given this Court's prior determination that Individual Defendants' complained of conduct was carried out by them pursuant to the exercise of their diplomatic functions, Kuwait cannot now attempt to evade liability by arguing that

---

[1] Kuwait devotes a significant portion of its Reply to argue that service on it was faulty because it was not effected pursuant to FSIA. As set forth in detail in Plaintiffs' Opposition, Kuwait was properly served pursuant to the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters ("Hague Service Convention") and FSIA. In fact, service on Kuwait in *Swarna* was effected the same way as it was in the instant case. The court in *Swarna* found that service on Kuwait by diplomatic channels satisfied both the Hague Service Convention and Section 1608(a)(2) of FSIA. *Swarna*, 2009 WL 773446, at *4.

[2] In *Swarna*, the court held that the individual diplomat defendant and his wife were not immune from suit because their unlawful acts were *not* performed within their official diplomatic functions. The court also held that the co-defendant, the State of Kuwait was immune from suit pursuant to FSIA.

[3] As set forth in their opposition brief, Plaintiffs maintain that Individual Defendants were acting in their official capacities as diplomats when they hired Plaintiffs in their official capacity --- and thus those acts are imputable to Defendant Kuwait --- but that their trafficking and enslavement of Plaintiffs were not acts incidental to their employment as diplomats and therefore not entitled to diplomatic immunity. *See* Pls.' Opp'n at 14 n.9.

2

Individual Defendants were not acting within the scope of their office or employment when the unlawful acts were performed. Second, in analyzing whether Individual Defendants' actions fell within the scope of their office or employment by Kuwait, the *Swarna* court applied New York's law of *respondeat superior* and relied exclusively on plaintiff's allegations of rape and other sexual abuse in finding that Kuwait was not vicariously liable for one of its diplomat's tortious conduct. *Swarna*, 2009 WL 773446, at *14. In contrast, New York law is inapplicable in this case and plaintiffs do not allege rape or other sexual abuse. Accordingly, the *Swarna* court's analysis of *respondeat superior* is inapposite and provides this court with no relevant guidance.

1. **This Court Has Determined That Individual Defendants' Employment Of Plaintiffs Was An Official Function.**

This Court has previously determined that Individual Defendants were acting within the scope of their official functions as Kuwaiti diplomats when they employed Plaintiffs. *See* Mem. & Op. at 15. Because this Court has already concluded that Individual Defendants were acting as an organ of the State of Kuwait when they employed, trafficked, and otherwise exploited Plaintiffs, a judgment that absolves Kuwait of liability for their unlawful conduct would be wholly inconsistent with this Court's prior ruling. Consequently, this Court should find that Individual Defendants' conduct falls within the commercial activity and non-commercial tort exceptions to foreign sovereign immunity under FSIA. The court in *Swarna* reached the opposite conclusion. There, it explicitly held that defendant diplomat was *not* acting in his official capacity, when he perpetrated the alleged tortious acts. *Swarna*, 2009 WL 773446, at *9 (stating defendant diplomat's fraudulently inducing plaintiff to work for him, failing to pay plaintiff minimum wage and breaching his employment contract with plaintiff "were not performed . . . in the exercise of his functions as a member of the [Kuwaiti] mission"); *see also*,

3

*id.* (finding defendant diplomat's tortious conduct was "entirely peripheral to [his] official duties as a diplomatic agent"). This distinction is critical and undercuts Kuwait's reliance upon *Swarna*. This Court has already concluded that Individual Defendants were acting in their official capacities when they employed, trafficked, and otherwise exploited Plaintiffs; therefore, Kuwait cannot now rely on *Swarna* to argue that their unlawful conduct was not performed in their official capacities and that Kuwait may not be held liable therefore.  *See* Eileen Denza, Diplomatic Law:  Commentary on the Vienna Convention on Diplomatic Relations 439 (3d ed. 2008) (emphasis added) ("The acts of a diplomatic agent in exercise of his official functions are *in law the acts of the sending State.*").

**2.    The *Swarna* Court Relied Upon New York's Law Of *Respondeat Superior*.**

Kuwait also cites the *Swarna* decision to support its argument that it is immune from suit because Individual Defendants' conduct was outside their office or scope of employment by Kuwait. Not only is this inconsistent with this Court's prior determination that Individual Defendants were acting within their official functions, it also glosses over another essential distinction between *Swarna* and this case. The *Swarna* court's consideration of whether defendant diplomats' tortious conduct fell within the scope of their office or employment by Kuwait relied upon New York law of *respondeat superior*, generally, and, specifically, *respondeat superior* liability in cases alleging sexual misconduct. *See Swarna*, 2009 WL 773446, at *14. [4] In this case, Virginia – not New York – law of *respondeat superior* applies and

---

[4]  New York law establishes that "an employer is not liable for torts committed by the employee for personal motives unrelated to the furtherance of the employer's business," *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1317 (2d Cir. 1995) (citing cases), abrogated on other grounds by *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998). Moreover, "New York courts consistently have held that sexual misconduct and related tortious

sexual misconduct is not alleged. Accordingly, the *Swarna* court's analysis of this issue is inapposite.

Moreover, Virginia law of *respondeat superior* adopts a much more expansive view than New York law of the types of unlawful conduct that may fall within the scope of employment. *Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1158 (4th Cir. 1997) ("Virginia courts generally take a broad view of the employment relationship, and have held that even intentional torts may be within the scope of employment."); *see also Plummer v. Center Psychiatrists, Ltd.*, 476 S.E.2d 172 (Va. 1996) (finding sexual assault of a patient by her psychologist to be within the scope of employment). As set forth more fully in Plaintiffs' opposition to Kuwait's motion to dismiss, Defendant Al Saleh intended to serve the purpose of his employer, Kuwait, when he committed and/or authorized his wife, to commit the torts Plaintiffs have alleged. Kuwait – faced with this Court's prior ruling that the underlying acts performed by Individual Defendants were performed in their official functions – cannot now rely upon New York vicarious liability law to argue to the contrary.

---

behavior arise from personal motives and do not further an employer's business, even when committed within the employment context." *See Swarna* at *14 (citing *Ross v. Mitsui Fudosan, Inc.*, 2 F. Supp. 2d 522, 531 (S.D.N.Y. 1998).

5

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in Plaintiffs' Opposition to Kuwait's Motion to Dismiss, Plaintiffs respectfully request that this Court deny Kuwait's Motion To Dismiss.

Dated:  April 17, 2009                                          Respectfully submitted,


      */s/ Craig G. Falls*
David A. Kotler*
Craig G. Falls (D.C. Bar No. 502368)
Catherine J. Rosato*
Allison V. Hawley*
Matthew J. Sheehan*
DECHERT LLP
1775 I Street, N.W.
Washington, D.C.  20006
(202) 261-3300

Lenora M. Lapidus*
Araceli Martínez Olguín*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION - WOMEN'S RIGHTS PROJECT
125 Broad Street, 18th Floor
New York, NY  10004
(212) 549-2644

Steven Macpherson Watt*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION - HUMAN RIGHTS PROGRAM
125 Broad Street, 18th Floor
New York, NY  10004
(212) 519-7870

*Attorneys for Plaintiffs*
*not admitted in this District

**CERTIFICATE OF SERVICE**

I, Craig G. Falls, hereby certify that on April 17, 2009, I caused to be served via e-mail per the parties' written agreement, a true and correct copy of the foregoing Plaintiffs' Sur-Reply in Further Opposition to Defendant Kuwait's Motion to Dismiss, on the following:

>Thomas B. Wilner, Esquire
>twilner@shearman.com
>Amanda E. Kosonen, Esquire
>Amanda.kosonen@shearman.com
>Shearman & Sterling LLP
>801 Pennsylvania Avenue, N.W.
>Washington, D.C. 20004-2634

>   /s/ *Craig G. Falls*
>Craig G. Falls
>D.C. Bar No. 502368
>1775 I Street, N.W.
>Washington D.C. 200006
>Phone: 202.261.3300
>Facsimile: 202.261.3034